

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

January 30, 2017

The Honorable Dennis Bonnen
Chair, Committee on Ways & Means
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0131

Re: Authority of a municipality to use hotel occupancy tax revenue to fund a feasibility study and the construction, operation, and maintenance of a performing arts center (RQ-0122-KP)

Dear Representative Bonnen:

You inquire about a municipality's authority to use revenue from its local hotel occupancy tax to fund a feasibility study for a performing arts center as well as the construction, operation, and maintenance of the center.[1] You tell us the City of Lakeway ("City") has commissioned a feasibility study to build and operate a performing arts center (the "Center") "that includes a theater with 500 to 800 fixed seats." *See* Request Letter at 1. You also tell us that the Center would include "a small conference center that would accommodate 150 to 200 people and a hotel." *Id.* at 1–2. You explain that the City indicates the "use of the [Center] would directly promote tourism and the hotel and convention industry in the City" as the Center "would be designed to . . . have a regional and statewide draw." *Id.* Finally, you state that the City expects the Center "will help to establish the City as a destination location for culture and entertainment, and to attract visitors to the City for an overnight stay in its hotels or short-term rentals." *Id.* at 2.

Municipal hotel occupancy taxes are governed by Tax Code chapter 351. *See generally* TEX. TAX CODE §§ 351.001–.110. Subsection 351.002(a) authorizes the imposition of a tax on the use or possession of a hotel room. *See id.* § 351.002(a). But subsection 351.101(a) imposes two primary limits on the use of the resulting tax revenue.[2] *See id.* § 351.101(a). First, an expenditure of hotel occupancy tax revenue must directly "promote tourism and the convention and hotel industry." *Id.* § 351.101(a)–(b) ("Revenue derived from the tax authorized by this chapter shall be expended in a manner directly enhancing and promoting tourism and the convention and hotel industry."); *see also* NEW OXFORD AM. DICTIONARY 492 (3d ed. 2010) (defining "directly" to mean "with nothing or no one in between"); *CHCA Bayshore L.P. v. Ramos*, 388 S.W.3d 741, 748

---

[1]*See* Letter from Honorable Dennis Bonnen, Chair, House Ways & Means Comm., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Aug. 1, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]A permissible expenditure under section 351.101 may also be subject to limitations imposed by section 351.103 of the Tax Code and elsewhere in chapter 351. *See* TEX. TAX CODE § 351.103.

(Tex. App.—Houston [1st Dist.] 2012, no pet.) (Jennings, J. dissenting) (using same definition). Second, the expenditure must be for the specified permissible uses in subsection 351.101(a). *See id.* § 351.101(a)(1)–(11); Tex. Att'y Gen. Op. No. JM-965 (1988) at 2. The list of permissible uses includes:

> (1) the acquisition of sites for and the construction, improvement, enlarging, equipping, repairing, operation, and maintenance of convention center facilities or visitor information centers, or both;
>
> . . . , [and]
>
> (4) the encouragement, promotion, improvement, and application of the arts, . . . and exhibition of the[] major art forms.

TEX. TAX CODE § 351.101(a)(1), (4); *see also id.* § 351.101(b) (limiting the revenue from use for "general revenue purposes or general governmental operations of a municipality").

As this office previously recognized, we cannot always determine whether an expenditure under section 351.101 is permissible as a matter of law because of the fact issues involved. *See* Tex. Att'y Gen. Op. No. GA-0124 (2003) at 3; *see also* Tex. Att'y Gen. LO-92-051 (1992) at 2, LO-92-016 (1992) at 3. In such instances, the governing body of the municipality must make the determination regarding the propriety of a hotel occupancy tax expenditure, subject to judicial review. *See* Tex. Att'y Gen. Op. No. GA-0124 (2003) at 3. Thus, we advise you only generally.

The first element of subsection 351.101(a) requires that the expenditure from the tax must *directly* promote tourism and the convention and hotel industry. *See* TEX. TAX CODE § 351.101(a)–(b). "Tourism" is defined as the "guidance or management of tourists." *Id.* § 351.001(5). A "tourist" is an "individual who travels from the individual's residence to a different municipality . . . for pleasure, recreation, education, or culture." *Id.* § 351.001(6). Thus, the first element requires an expenditure from hotel occupancy taxes to be one that *directly* guides or manages tourists to the municipality for pleasure, recreation, education, or culture.

With regard to the list of specific permissible uses as the second element of subsection 351.101(a), chapter 351 defines "convention center facilities" as "facilities that are *primarily* used to host conventions and meetings." *Id.* § 351.001(2) (emphasis added). The definition also includes certain hotel facilities. *See id.* Only if a particular facility is *primarily* used to host conventions or meetings is it a convention center facility and thus a permissible use under subsection 351.101(a)(1).

In contrast to subsection 351.101(a)(1), the promotion "of the arts" use under subsection 351.101(a)(4) does not expressly authorize *construction* of facilities. *Compare id.* § 351.101(a)(1), *with id.* § 351.101(a)(4). Thus, construction costs of theater facilities, considered alone, are not within the scope of subsection 351.101(a)(4). Any construction costs associated with any particular facility are proper costs for the hotel occupancy tax revenue only if they are incurred under subsection 351.101(a)(1). *Id.* § 351.101(a)(1).

You also inquire about the propriety of hotel occupancy tax revenues for a feasibility study regarding the Center. *See* Request Letter at 1. Briefing submitted to this office argues that a feasibility study "can be a necessary component of moving forward with this type of project" and is authorized under the plain language of subsection 351.101(a).[3] As we noted previously, expenditures under subsection 351.101(a) must directly promote tourism and the convention and hotel industry. *See supra* page 1 (citing TEX. TAX CODE § 351.101(a)–(b)). It is the nature of a feasibility study to examine a given project, which examination could result in either a conclusion that the project is not feasible and a decision not to proceed with the project or a conclusion that the project is feasible and decision to proceed. *See* NEW OXFORD AM. DICTIONARY 632 (3d ed. 2010) (defining "feasibility study" to mean "an assessment of the practicality of a proposed plan or method"). Yet, irrespective of such a study's ultimate outcome, an expenditure for the study considered by itself may be too attenuated to be legitimately characterized as actually attracting overnight guests in the *direct* promotion of tourism and the convention and hotel industry.[4]

In the event a feasibility study is found by the governing body of a municipality to satisfy the first element of section 351.101, the expenditure must also be for one of the permitted uses to satisfy the second element.

---

[3]*See* Letter from Bill Longley, Legis. Counsel, Tex. Mun. League at 2 (Aug. 31, 2016) ("TML Brief") (on file with the Op. Comm.).

[4]Briefing submitted to this office suggests that the costs for a feasibility study may constitute a permissible administrative cost under subsection 351.101(e). *See* TML Brief at 3–4. Even such costs must be "incurred directly in the promotion and servicing expenditures" authorized by the statute. TEX. TAX CODE § 351.101(e).

## S U M M A R Y

Under section 351.101 of the Tax Code, a municipality may expend its municipal hotel occupancy tax revenue in the direct promotion of tourism and the convention and hotel industry, provided that the expenditure is for one of the specified uses listed in the statute. It is for a municipal governing body to determine in the first instance whether an expenditure of hotel occupancy tax revenue is proper under section 351.101.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee